IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-737-D

| | |
|---|---|
| FANNY SCOTT BURNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On January 27, 2012, Fanny Scott Burns ("Burns") sued Michael J. Astrue, Commissioner of Social Security ("Commissioner"), alleging that the Commissioner wrongfully denied Burns's application for Social Security Disability benefits ("benefits") [D.E. 5]. Burns asks the court to reverse the Commissioner's denial of her benefits and remand the case for a new hearing. Id. On April 16, 2012, the Commissioner answered that the denial of benefits was supported by substantial evidence [D.E. 11]. On June 18, 2012, Burns moved for judgment on the pleadings [D.E. 21]. On July 23, 2012, the Commissioner moved for judgment on the pleadings [D.E. 23]. As explained below, the court grants the Commissioner's motion and denies Burns's motion.

I.

On September 29, 2008, Burns applied for benefits Tr. 57; see id. 161–65. In her application, Burns stated that her disability began on July 22, 2006. Id. 161. Her claim was denied initially on February 5, 2009, and again on reconsideration on July 15, 2009. Id. 52–53. Burns requested a hearing before an Administrative Law Judge ("ALJ"), which took place on April 12, 2010. See id. 13–51, 57, 120.

At the hearing, Burns testified that she had been disabled since 2006, when she suffered a hernia while working as a food service employee at a hospital. See id. 20–21; see also id. 17–18. Burns testified that she did not believe she could work because of chronic back and stomach pain. See id. 23–24. She also stated that since her work injury, she has suffered from depression and that "[t]he only thing I can do is sit up and cry all day, just about." Id. 30. Burns testified that she used a cane to assist her with walking, but later clarified that she did not always need the cane. See id. 29, 33. A vocational expert testified, based on hypothetical residual functional capacities ("RFC") posed by the ALJ, that Burns could perform her past relevant work as well as other jobs that were available in the national economy. See id. 45–50.

In the ALJ's written decision, the ALJ performed the prescribed five-step process to evaluate disability claims. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam); Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The ALJ determined that Burns (1) had not engaged in substantial gainful activity since July 23, 2006, Tr. 59; (2) suffered from hernias, degenerative disc disease, and depression, which were severe impairments, id.; (3) did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in" the regulations, id.; (4) had "the [RFC] to perform light work" that did not require "concentrated exposure to operational control or moving machinery and unprotected heights," id. 61; and (5), based on her RFC, could perform her "past relevant work as a food service worker" as well as "other [non-food-service] jobs existing in the national economy," id. 63–64. Accordingly, the ALJ denied Burns's application. Id. 57. Burns timely requested review by the Appeals Council, which denied her request for review on October 21, 2011. See id. 1–3. Burns timely sought judicial review. See 42 U.S.C. § 405(g).

2

Case 5:11-cv-00737-D   Document 25   Filed 12/20/12   Page 2 of 7

## II.

A district court reviewing the Commissioner's denial of benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See 42 U.S.C. § 405(g); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), abrogated by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003). The court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).

Burns challenges the ALJ's denial of her benefits on three grounds. First, Burns contends that the ALJ erred by failing to consider Burns's "award of Worker's Compensation benefits." Pl.'s Mem. Supp. Mot. 4–7. Social Security Ruling 06-03p states that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). Burns, however, does not have a "disability decision by another governmental or nongovernmental agency." Id. Rather, she has a settlement agreement with her former employer over a workers' compensation claim. In the settlement

3

agreement, Burns's former employer denies any liability under the Workers' Compensation Act, and Burns concedes that there was a "lack of competent credible evidence" supporting an award of benefits and that "her claim was reasonably denied." Tr. 397–98. The ALJ was not required to consider Burns's settlement agreement. See, e.g., Wright v. Astrue, No. 5:09-CV-546-FL, 2010 WL 5055899, at *3–4 (E.D.N.C. Dec. 6, 2010) (unpublished).

Second, Burns argues that "[t]he ALJ did not fulfill his duty under [Social Security Ruling] 86-62 to fully question . . . and develop the record" concerning the demands of Burns's past relevant work. Pl.'s Mem. Supp. Mot. 7. "[A] claimant will be found 'not disabled' if [s]he is capable of performing [her] past relevant work either as [s]he performed it in the past or as it is generally required by employers in the national economy." Pass, 65 F.3d at 1207; see SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982). In determining a claimant's ability to do past relevant work, the ALJ must consider (1) the claimant's testimony about her ability to meet the demands of her past work, (2) medical evidence establishing how the impairment impacted the claimant's ability to meet the demands of such work, and (3), when necessary, "supplementary or corroborative information from other sources." SSR 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982). However, "[t]he claimant is the primary source for vocational documentation." Id. Thus, Burns must produce evidence about the demands of her past relevant work; the ALJ need not procure such evidence. See, e.g., Taylor v. Astrue, Civil Action No. BPG-11-32, 2012 WL 294532, at *9 (D. Md. Jan. 31, 2012) (unpublished); Floyd v. Astrue, Civil No. 3:10CV474-FDW-DSC, 2011 WL 4946311, at *4–5 (W.D.N.C. June 6, 2011) (unpublished), adopted by 2011 WL 4946270 (W.D.N.C. Oct. 18, 2011) (unpublished); Shamlee v. Astrue, Action No. 2:09-cv-290, 2010 WL 3187643, at *5–6 (E.D. Va. May 28, 2010) (unpublished), adopted by 2010 WL 3187609 (E.D. Va. Aug. 11, 2010) (unpublished); see also Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) ("Through the fourth step, the burden of

production and proof is on the claimant."). Moreover, even if the ALJ did err in failing to procure additional evidence about Burns's past relevant work, the error was harmless because the ALJ held in the alternative that Burns's RFC enabled her to perform other jobs in the national economy. See, e.g., Price v. Astrue, 473 F. App'x 566, 569 (9th Cir. 2012) (per curiam) (unpublished) (error at step four is harmless if ALJ also finds nondisability at step five); Harper v. Astrue, 428 F. App'x 823, 829–30 (10th Cir. 2011) (unpublished) (same); see also Camp v. Massanari, 22 F. App'x 311, 311 (4th Cir. 2001) (per curiam) (unpublished) (error is harmless if no prejudice to claimant).

Third, Burns contends that the ALJ erred by not complying with Social Security Rule 96-8p when evaluating her RFC. Pl.'s Mem. Supp. Mot. 9–10. Social Security Ruling 96-8p requires that an ALJ, in determining a claimant's RFC, perform a function-by-function assessment of a claimant's physical and mental capacities and provide a narrative discussion describing how the evidence supports the ALJ's conclusions about the claimant's abilities. See SSR 96-8p, 1996 WL 374184, at *5–7 (July 2, 1996); see also Wilkerson v. Astrue, No. 7:10-CV-77-D, 2011 WL 3951165, at *13 (E.D.N.C. Aug. 19, 2011) (unpublished), adopted by 2011 WL 3957260 (E.D.N.C. Sept. 7, 2011) (unpublished). Burns asserts that the ALJ erred by not including a narrative discussion that addressed each functional limitation separately. Pl.'s Mem. Supp. Mot. 9–10. As a specific example of the ALJ's error, Burns notes that the ALJ's written decision did not mention Burns's testimony that she used a walking cane. See id. 10–11.

In his written decision, the ALJ first addressed Burns's hernias. Tr. 61–62. The ALJ noted that Burns initially suffered a hernia from her work-related injury, but the hernia was repaired with "no complications" on July 24, 2006. Id. 61. Moreover, Burns's surgeon, Dr. Horowitz, cleared Burns to return to work by September 18, 2006, with the only limitation being that Burns could not lift or push heavy objects. Id. 62. Furthermore, the ALJ noted that Burns provided "few substantive

5

medical records" since her 2006 consultation with Dr. Horowitz. Id. The only medical record was from a visit in 2008, in which Burns denied having any back pain, joint pain, or limited mobility. Id. Based on the medical records, the ALJ concluded that Burns's hernias did not impose physical limitations as severe as she alleged. Id. 61.

The ALJ next addressed Burns's degenerative disc disease. Id. 62. In May 2009, Burns visited Dr. Owen, who noted that Burns had a negative straight leg raise and opined that he doubted that Burns's back pain was radicular. Id. In December 2009, Burns visited Dr. McGraw, who opined only that Burns has "degenerative changes of the spine." Id. The ALJ, however, discounted Dr. McGraw's opinion because it was "neither specific enough nor substantiated by the requisite film studies (x-rays, MRIs)." Id. The ALJ concluded that Burns's degenerative disc disease did not impose physical limitations as severe as she alleged. Id.

The ALJ then addressed Burns's depression. Id. The ALJ noted that the only meaningful records of depression were from a December 2009 evaluation that concluded that Burns had unspecified "mood disorder with depressive features" and reported feeling nervous, anxious, and depressed. Id. The December 2009 evaluation also awarded Burns a GAF score of 54, but the ALJ disregarded this score because the test was administered by a unacceptable medical source, and a GAF score does not indicate a long-term history of limited functioning. See id. Based on the lack of medical evidence, the ALJ concluded that Burns's depression did not impose limitations as severe as she alleged. Id.

The ALJ also properly rejected Burns's hypertension as being a disabling condition. Burns provided no medical records suggesting that her hypertension was severe or uncontrollable. Id. 63.

As evident from this court's summary, Burns's claim that the ALJ did not include a narrative discussion lacks merit. The ALJ adequately discussed the substantial evidence that supported his

ultimate determination of Burns's RFC. See Ayscue v. Astrue, No. 5:08-CV-595-FL, 2009 WL 3172121, at *13 (E.D.N.C. Oct. 2, 2009) (unpublished). Regarding Burns's accusation that the ALJ failed to consider each function separately, "there is a distinction between what the ALJ must *consider* and what he must *articulate* in the decision." Joyce v. Astrue, No. 1:06CV27, 2009 WL 313345, at *14 (M.D.N.C. Feb. 5, 2009) (unpublished) (emphasis in original). Social Security Ruling 96-8p does not require the ALJ to articulate each function, it only requires the ALJ to consider each function. See, e.g., Saylor v. Astrue, Civil Action No. 5:11cv035, 2012 WL 4004850, at *6 n.6 (W.D. Va. Sept. 12, 2012) (unpublished); Douglas v. Astrue, No. 2:11-CV-37-D, 2012 WL 3283431, at *4 (E.D.N.C. Aug. 10, 2012) (unpublished); Floyd, 2011 WL 4946311, at *2–3. Here, where the ALJ rejected Burns's alleged limitations, the ALJ did not need to articulate how Burns's alleged limitations affected her on a function-by-function basis. See, e.g., Zatz v. Astrue, 346 F. App'x 107, 111–12 (7th Cir. 2009); Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). Likewise, because the ALJ rejected Burns's claims about her physical limitations, the ALJ did not need to explicitly address Burns's purported use of a cane. See Bayliss, 427 F.3d at 1217. Accordingly, the ALJ's decision comported with Social Security Ruling 96-8p.

III.

In sum, the ALJ applied the correct law and substantial evidence supports the ALJ's conclusions. Accordingly, the court DENIES Burns's motion for judgment on the pleadings [D.E. 21] and GRANTS the Commissioner's motion for judgment on the pleadings [D.E. 23].

SO ORDERED. This 20 day of December 2012.

JAMES C. DEVER III
Chief United States District Judge